*Walker & Hubbard, for appellant.*
*McHenry & Hill, for appellees.*

---

G. M. HAYDEN v. A. CRAYCROFT, ET AL.

**Ejectment—Homestead.**

One owning a house and lot, but who does not reside in such house, is not entitled to claim an exemption as a homestead.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 16, 1877.

OPINION BY JUDGE ELLIOTT:

G. M. Hayden, the appellant, owned a farm in Daviess county, and swapped it for a house and lot in Owensboro. This house and lot he

rented out till the year 1875, some three or four years, and rented a farm in the county from his father-in-law.

He says himself that he rented and exchanged his farm for the house and lot in 1870, and did not move to nor reside there till 1875. In the meantime judgments had been obtained against him and the house and lot sold, and the appellee became the purchaser, and the appellant, G. M. Hayden, failing to redeem them, the sheriff conveyed the premises to the appellee, who brought his action of ejectment against appellant for their possessesion.

Appellant answered this action and set up his claim to a homestead, and on hearing his defense was adjudged insufficient and judgment rendered against him for the possession of the land, and this action was brought to annul that judgment and enjoin its enforcement.

The former Civil Code, as well as the present one, provides that a judgment obtained in an ordinary action shall not be annulled nor modified by an order in an equitable action except for a defense which arises or is discovered after rendition of the judgment.

But aside from this we are of opinion that the appellant's house and lot was not exempt as a homestead at the time of its sale under execution and purchase by appellee. According to his own showing, appellant, Hayden, became the owner of the property in 1870, and never attempted to occupy it as a homestead till the fall of 1875, which was some time after the purchase by appellee.

The fact that Hayden did not occupy his house and lot as a homestead, and that they were liable for his debts, authorized his neighbors to give him credit, and perhaps enabled him to incur the very debts in satisfaction of which the premises were afterwards sold. The only evidence that the appellant, Hayden, ever intended to occupy the premises in dispute as a homestead, is his own declaration, which is amply rebutted by his failure to occupy them for five years after his purchase, during all of which time the public were authorized to believe and to give credit on the faith of the belief that they were liable for his debts. The evidence does not even authorize the conclusion that appellant, G. M. Hayden, gave notice to the public that he ever intended to remove to the premises in dispute.

A mere intention to occupy premises as a homestead, existing in the mind with no effort to carry that intention into effect by their occupancy for five years after the acquisition of the title, does not

give a homestead exemption right as to debts incurred before the actual occupancy of the premises by the debtor.

Wherefore the judgment is *affirmed.*

*Owen & Ellis, for appellant.    W. N. Sweeney, for appellees.*